UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JACOB MORLEY, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) ) ) |  |  |
| v. | ) ) | No. | 2:24-CV-035-TAV-JEM |
| MATT PATTERSON, JON DULA, MITZIA WADDILL, and ALEX STEWART, | ) ) ) ) ) |  |  |
| Defendants. | ) |  |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the Carter County Detention Center ("Jail"), filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that: (1) Matt Patterson, Jon Dula, and Alex Stewart[1] failed to protect him from an inmate; (2) Stewart and Dula used excessive force against him; and (3) Mitzia Waddill then refused to give him a blood test [Doc. 2]. Patterson, Dula, and Stewart filed a motion to dismiss or, in the alternative, for summary judgment alleging that Plaintiff failed to exhaust his available administrative remedies regarding his failure to protect and excessive force claims against them prior to filing this action [Doc. 14]. In support of this motion, these Defendants filed a memorandum [Doc. 15], a declaration from Patterson [Doc. 14-1], a document showing Plaintiff's receipt of the Jail's inmate handbook [Doc. 14-2], and the Jail's grievance policy [Doc. 14-3].

---

[1] Plaintiff names this Defendant as "Alex Stewart" [Doc. 2, pp. 1, 3]. But in the substantive allegations of the complaint, he refers to a jail official with the last name "Stuart" and sometimes but not always marks out this individual's name and replaces it with "Alex Stewart" [*Id.* at 5]. Thus, liberally construing the complaint in Plaintiff's favor, the Court assumes that all mentions of jail official "Stuart" in Plaintiff's complaint refer to Defendant Stewart.

Plaintiff did not file a timely response to this dispositive motion but instead filed a motion seeking discovery of camera footage and incident reports [Doc. 18].

However, given the early stage of this litigation and Patterson, Dula, and Stewart's reliance on Patterson's affidavit and other grievance-related documents to support their pending dispositive motion, the Court hereby **NOTIFIES** Plaintiff that the Court intends to treat Patterson, Dula, and Stewart's motion asserting that Plaintiff failed to exhaust his available administrative remedies prior to filing this action [Doc. 14] as a motion for summary judgment. *See Davis v. Davis*, No. 14-5247, 2015 WL 13187145, at *1–2 (6th Cir. Mar. 25, 2015) (finding that a district court's consideration of the plaintiff's grievance history and an affidavit, among other things, in ruling on a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment where defendants filed the motion before filing an answer, when "[t]he case in its infancy," was improper, and that the district court's consideration of such evidence required the court to treat the motion as one for summary judgment after first giving the plaintiff warning of its intention to do so).

Thus, Plaintiff shall have **21 days** from the date of entry of this order to file any response in opposition to Patterson, Dula, and Stewart's pending motion for summary judgment [*Id.*].

Also, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a

correct address to this Court within 14 days of any change in address will result in the dismissal of this action.

    IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
