UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JACOB MORLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  2:24-CV-035-TAV-JEM |
| MATT PATTERSON, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate proceeding pro se, filed this action for violation of 42 U.S.C. § 1983 asserting various claims arising out of an inmate's attack on him [Doc. 2].  The Court previously granted former Defendant Dula and Stewart's motion for summary judgment and dismissed Plaintiff's claim against former Defendant Waddill [Doc. 25]. Thus, Plaintiff's only remaining claim is that Defendant Matt Patterson failed to protect him from the inmate's attack [Doc. 2, p. 4].

Now before the Court is Defendant Patterson's motion for summary judgment [Doc. 27].  In support of this motion, Defendant Patterson filed an affidavit asserting in relevant part that after correctional officers told him that Plaintiff had requested separation from the inmate who attacked him, he did not house Plaintiff with that inmate [Doc. 27-1, p. 4]. Instead, that inmate was housed on a different floor from Plaintiff, and the floor on which that inmate was housed was separated from Plaintiff's housing floor "by multiple steel bars . . . set up in a horizontal and vertical grid pattern" [*Id.*].  Defendant Patterson also filed a picture of the bars separating Plaintiff's housing floor from the housing floor of the

inmate who attacked him [*Id.* at 12], as well as a video showing that the inmate who attacked Plaintiff appears to have squeezed himself through the grid of steel bars separating his housing floor from Plaintiff's housing floor to drop down and execute the attack [Doc. 29].[1]

Plaintiff did not file a response to Defendant Patterson's summary judgment motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, he waived any opposition to this dispositive motion. E.D. Tenn. L.R. 7.2.

For the reasons set forth below, Defendant Patterson's motion for summary judgment [Doc. 27], will be **GRANTED**, and this action will be **DISMISSED**.

## I. BACKGROUND

In his sworn complaint, which the Court treats as an affidavit for purposes of summary judgment, *see El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (providing a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment), Plaintiff states in relevant part that before the attack on him by another inmate, he asked an officer if that inmate could be moved out of his unit [Doc. 2, p. 4]. That officer went to talk to Defendant Patterson and told Plaintiff that Defendant Patterson said "no" and that Plaintiff would be okay [*Id.*].

However, as set forth above, with his motion for summary judgment, Defendant Patterson filed sworn proof that, after he received notice that Plaintiff did not want to be housed with the relevant inmate, he did not house Plaintiff and that inmate together but

---

[1] As the Court finds that this assertion is sufficient to support the Court granting Defendant Patterson's summary judgment motion, it will not reach the other arguments therein.

2

instead housed them on different floors that were "separated by multiple steel bars . . . set up in a horizontal and vertical grid pattern" [Doc. 27-1, p. 4]. In support of this assertion, Defendant Patterson filed a picture of the bars separating Plaintiff's housing floor from the housing floor of the inmate who attacked him [*Id.* at 12], as well as a video showing that the inmate who attacked Plaintiff appears to have squeezed himself through the grid of steel bars separating his housing floor from Plaintiff's housing floor to execute that attack [Doc. 29]. Defendant Patterson additionally filed undisputed proof that, at the time of the incident underlying the complaint, Plaintiff was a pretrial detainee [Doc. 27-1, p. 4].

## II. STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). But a district court cannot grant summary judgment in favor of a movant simply because the adverse party did not respond. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its

3

burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

**III. ANALYSIS**

To survive Defendant Patterson's motion for summary judgment on the failure-to-protect claim, the record must contain proof from which a reasonable jury could find that Defendant Patterson "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

As set forth above, Defendant Patterson has set forth proof that, at all times relevant to the complaint, Plaintiff and the relevant inmate were housed on different floors that were "separated by multiple steel bars . . . set up in a horizontal and vertical grid pattern" [Doc. 27-1, p. 4]. Moreover, taken together, the picture of the grid of bars separating Plaintiff's housing floor from the attacking inmate's housing floor [*Id.* at 12] and the video of the inmate's attack on Plaintiff [Doc. 29] show that the inmate must have squeezed through the grid of security bars to drop down to Plaintiff's floor and execute that attack.

In response, Plaintiff has not come forward with any evidence from which a reasonable jury could find that Defendant Patterson acted deliberately or recklessly toward any risk of harm to Plaintiff based on his housing location. Specifically, Plaintiff has not pointed to any evidence in the record suggesting that even though Defendant Patterson housed Plaintiff and the inmate who attacked him on separate floors that were separated by

4

horizontal and vertical metal bars in a grid [Doc. 12-1, pp. 4, 12; Doc. 29], Defendant Patterson still knew or should have known that the inmate presented an unjustifiably high risk of harm to Plaintiff, such as evidence of prior incidents in which inmates were able to enter other floors through the grid of security bars.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As such, Defendant Patterson's motion for summary judgment [Doc. 27] will be **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant Patterson's motion for summary judgment [Doc. 27] is **GRANTED**, and this action will be **DISMISSED**. The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Therefore, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE